IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, | ) ) ) ) ) | |
| TUCKPOINTERS LOCAL 52 PENSION PLAN, | ) ) ) | |
| TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND, | ) ) ) ) | CIVIL ACTION<br><br>NO. |
| TERRY ROCCO, as Administrative Manager of the CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, TUCKPOINTERS LOCAL 52 PENSION PLAN and TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND, | ) ) ) ) ) ) ) ) ) ) | JUDGE |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| G. & C. CONSTRUCTION & SEALANTS, INC., an Illinois corporation, f/k/a G. & C. CONSTRUCTION, INC., | ) ) ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

Now come the CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING,

CLEANING AND CAULKING INDUSTRY, LOCAL 52; TUCKPOINTERS LOCAL 52 PENSION

PLAN; TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND,

and TERRY ROCCO, as Administrative Manager of the CHICAGO AREA JOINT WELFARE

COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, TUCKPOINTERS LOCAL 52 PENSION PLAN and TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND, by their attorneys, and for their Complaint against Defendant, G. & C. CONSTRUCTION & SEALANTS, INC., an Illinois corporation, f/k/a G. & C. CONSTRUCTION, INC., allege as follows:

1.      This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sections 1132, 1145 (hereinafter referred to as "ERISA").  Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2.      Plaintiffs are "employee welfare benefit plans," "plans," and "fiduciaries," within the meaning of ERISA, and Plaintiff, TERRY ROCCO, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto.  Plaintiff Funds are administered within this District.

3.      Defendant is an "employer" within the meaning of ERISA, who is obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreements and Declarations of Trust pursuant to which Plaintiffs are maintained and/or pursuant to the terms of a collective bargaining agreement to which Defendant is a party or is obligated along with the Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO.

4.      Defendant has failed and refused to submit all monthly reports and/or contributions due thereon, submission of which is required by the plan from all participating employers in order to identify those persons who may be eligible for benefits provided by Plaintiffs.

5.      Defendant has further breached its obligations to the Plaintiffs by failing to pay all amounts found due in a payroll compliance audit, which revealed that the Defendant failed to make

payment of all contributions due during the period of January 1, 2015 through December 31, 2017. Pursuant to this audit, demand was made for payment of all amounts found to be due, plus interest and any other applicable charges, but Defendant has failed and refused to make payment as required. The total amounts found due and charged against Defendant and remaining due after deduction of any partial payments to date, based upon the aforesaid audit are $30,991.23.

6.      Defendant has also breached its obligations to the Plaintiffs by failing to pay liquidated damages and interest in the amount of $87,300.91, due based on Defendant's past failure to pay contributions in a timely fashion. Defendant has been provided notice of these assessments indicating the months for which contributions were paid late, the total amount of contributions paid late, and the amount of the 10 percent liquidated damages as well as any interest which was assessed. Notwithstanding the foregoing, Defendant has failed to pay liquidated damages and interest as required by the collective bargaining agreement and Trust Agreements.

7.      Plaintiffs have requested that Defendant perform its obligations, but Defendant has refused and failed to so perform.

8.      Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A.      That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs, and to continue submitting such reports while this action is pending.

B.      That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, interest on the unpaid contributions, liquidated damages, auditing costs and Plaintiffs'

reasonable attorneys' fees and costs of action, as specified herein or as subsequently determined, all as provided for in the plans and in ERISA.

        C.     That Defendant be permanently enjoined to perform specifically its obligations to Plaintiffs, and in particular to continue submitting the required reports and contributions due thereon to Plaintiffs in a timely fashion as required by the plans and by ERISA.

        D.     That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/  Patrick N. Ryan

Stephen J. Rosenblat
Patrick N. Ryan
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 W. Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.: 6278364
Telephone:  312/216-2573
Facsimile: 312/236-0241
E-Mail: pryan@baumsigman.com

I:\52J\G & C\#28530\complaint.pnr.df.wpd